J-S41038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GLYNN A. WILDONER, JR. :
:
Appellant : No. 779 MDA 2022

Appeal from the PCRA Order Entered April 14, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003314-2016

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  DECEMBER 30, 2022**

Appellant Glynn A. Wildoner appeals from the order of the Court of Common Pleas of Luzerne County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] PCRA counsel filed a petition to withdraw his representation as well as an accompanying brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We affirm the PCRA court's order and grant counsel's petition to withdraw.

On November 1, 2017, a jury convicted Appellant of three counts of rape, three counts of statutory sexual assault, one count of involuntary deviate sexual intercourse with a person less than 16 years of age, four counts of unlawful contact with a minor, one count of aggravated indecent assault,

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

four counts of corruption of minors, two counts of endangering the welfare of children, and four counts of indecent assault.

On January 26, 2018, the trial court sentenced Appellant to an aggregate term of 300 to 600 months' (25 to 50 years') of incarceration. Appellant filed post-sentence motions which were denied on May 22, 2018. On June 11, 2019, this Court affirmed the judgment of sentence and on December 23, 2019, our Supreme Court denied Appellant's petition for allowance of appeal.

On February 21, 2020, Appellant filed a timely PCRA petition.[2] After the PCRA court appointed Appellant counsel, an evidentiary hearing was held on March 3, 2022. In an order dated March 31, 2022, the PCRA court denied Appellant's petition.

However, the trial court's order was not served on the parties until April 14, 2022. On May 16, 2022, Appellant's prior counsel, Jeffrey A. Yelen, Esq. filed a motion to reinstate Appellant's collateral appeal rights *nunc pro tunc*. On May 23, 2022, the PCRA court granted this motion and reinstated Appellant's PCRA appeal rights.

On May 24, 2022, Appellant filed a notice of appeal, purporting to appeal from the "order entered in this matter on the 23rd day of May 2022, reinstating his appellate rights as to the denial of his PCRA petition on March 31, 2022."

_____

[2] Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1).

Pursuant to our appellate rules, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Pennsylvania Rule of Criminal Procedure 114 provides that an order is properly entered when the docket entries indicate "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time-period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. **See** Pa.R.A.P. 108(a)(1), (d).

In this case, the trial court's March 31, 2022 order denying Appellant's petition was not appealable until the order was properly served on the parties on April 14, 2022.[3] As a result, Appellant's notice of appeal was timely filed on Monday, May 16, 2022. **See** 1 Pa.C.S.A. § 1908 (whenever the last day of any … period shall fall on a Saturday or Sunday, or on any day made a legal holiday…, such day shall be omitted from the computation).

On collateral appeal, Appellant's current counsel was appointed to prepare an appellate brief on Appellant's behalf. Thereafter, counsel filed a petition to withdraw and a no-merit **Turner-Finley** brief.

Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and

_____

[3] We have amended the caption of this case accordingly.

free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (quotation

marks and quotations omitted).

As an initial matter, we must first review counsel's petition to withdraw.

Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and ... must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007) (brackets

omitted)).

After reviewing the record and counsel's petition to withdraw, we find

that PCRA counsel has complied with the technical requirements of ***Turner***

and ***Finley***, ***supra***. In his appellate brief, PCRA counsel detailed the nature

and extent of his review, listed two issues which Appellant wished to appeal,

and explained why he believed each claim was frivolous. Counsel indicated that after conscientious review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Moreover, counsel attached his letter to Appellant specifically indicating that he believed that the appeal was wholly frivolous for the reasons set forth in his brief and notifying him of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016).

We now consider the issues PCRA counsel presents in his brief to ascertain whether any of the claims entitles Appellant to relief. PCRA counsel raises two claims of the ineffectiveness of counsel. In reviewing claims of ineffectiveness of counsel, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. ***See Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. ***See Pierce***, ***supra***; ***Commonwealth v. Holloway***, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

> [*Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d
> 310, 321 (2007);] *see also Commonwealth v. Hall*, 582 Pa.
> 526, 537, 872 A.2d 1177, 1184 (2005) (stating an appellant's
> failure to satisfy any prong of the *Pierce* ineffectiveness test
> results in a failure to establish the arguable merit prong of the
> claim of ineffectiveness).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018).

First, Appellant claims trial counsel was ineffective in failing to present DNA evidence in his defense. However, Appellant fails to establish how DNA evidence would have been beneficial to his case as the defense theory at trial was that Appellant was falsely accused of sexually assaulting the victims.

At the PCRA hearing, trial counsel indicated that he had argued at trial that there was no physical evidence to prove the prosecution's allegations that Appellant had abused the minor victims. N.T. PCRA hearing, 3/3/22, at 20. In addition, trial counsel argued that there should have been no DNA results or physical evidence to present at trial in light of Appellant's assertion that the abuse never occurred. *Id*. at 20-21.

As a result, we agree that there is no arguable merit to Appellant's claim that counsel was ineffective for failing to present DNA evidence at trial.

Second, Appellant asserts that appellate counsel was ineffective in failing to properly preserve for appeal a specific challenge to the sufficiency of the evidence supporting one of his corruption of minors convictions.

In his appellate brief on direct appeal, Appellant argued that there was insufficient evidence to support his corruption of minors conviction against one of the victims ("A.H.") as the Commonwealth failed to show Appellant engaged

in "any course of conduct in violation of Chapter 31 (relating to sexual offenses)" pursuant to 18 Pa.C.S.A. § 6301(a)(1)(ii).

This Court noted Appellant had not raised this specific argument in his court-ordered Rule 1925(b) statement, but instead challenged his corruption of minors convictions based on his allegation that the prosecution failed to show that Appellant engaged in conduct which corrupted or tended to corrupt the morals of either victim.

As such, this Court found Appellant's specific challenge to his corruption of minors conviction was waived by his failure to include it in his 1925(b) statement. **Commonwealth v. Wildoner**, 981 MDA 2018, 2019 WL 2447057, at *6 (Pa.Super. June 11, 2019) (unpublished memorandum) (citing **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (clarifying that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient").

However, this Court noted that, even assuming that it had granted Appellant relief on this issue, the trial court's sentencing scheme would not have been disrupted as Appellant's sentence for corruption of minors relating to victim A.H. ran concurrently with the rest of his sentence. **Wildoner**, 981 MDA 2018, at *6 n.3.

Thus, Appellant has not shown that appellate counsel's failure to properly preserve this issue for review resulted in prejudice, such that there

was a reasonable probability of a different outcome if not for counsel's error. ***Johnson***, ***supra***.

Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition, which does not contain any non-frivolous issues of arguable merit. We, therefore, affirm the PCRA court's order dismissing Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:12/30/2022